| | |
|---|---|
| 1 | LESCHES LAW |
| 2 | LEVI LESCHES — Cal. Bar No. 305173 |
|   | 5757 Wilshire Boulevard, Suite 535 |
| 3 | Los Angeles, CA 90036 |
| 4 | Phone: (323) 900-0580 |
|   | Email: levi@lescheslaw.com |
| 5 | |
| 6 | ATTORNEYS FOR |
|   | Plaintiff FlighBlitz, Inc., a California Corporation |

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FlightBlitz, Inc., a California Corporation, | **COMPLAINT FOR:** |
| Plaintiff, | (1) **CALIFORNIA CARTWRIGHT ACT VIOLATIONS;** |
| v. | (2) **SHERMAN ACT VIOLATIONS; CLAYTON ACT § 4;** |
| TZELL TRAVEL, LLC, a New York limited liability company; TZELL HOLDINGS, LLC, a Delaware limited liability company; TRAVEL LEADERS GROUP, LLC, a Delware limited liability company; | |
| Defendants. | **JURY TRIAL DEMANDED** |

**Plaintiff FlightBlitz, demanding a jury trial on all counts, alleges:**

///

///

## JURISDICTION & VENUE

1. **Plaintiff FlightBlitz, Inc.** is a California corporation with its primary place of business located in Los Angeles County.

2. Plaintiff is informed and believes that **Defendant Tzell Travel, LLC,** is a limited liability company organized under the laws of the State of New York and headquartered at 1633 Broadway, New York, NY 10019.

3. Plaintiff is informed and believes that **Defendant Tzell Holdings, LLC,** is a limited liability company organized under the laws of the State of Delaware and headquartered at 1633 Broadway, New York, NY 10019.

4. Plaintiff is informed and believes that **Defendant Travel Leaders Group, LLC,** is a limited liability company organized under the laws of the State of Delaware and headquartered at 3033 Campus Drive, Suite W320 Plymouth, MN 55441.

5. Federal jurisdiction over this action arises pursuant to § 1331 of title 28 of the *United States Code* because Plaintiff's claims arise under § 15 of title 15 and § 1981 of title 42 of the *United States Code* of said Code.

6. Supplemental jurisdiction over Plaintiff's state-law causes of action arises pursuant to § 1367 of title 28 of the *United States Code*, because Plaintiff's state-law causes of action all form part of the same case and controversy as the facts and claims pled under the specified federal statutes and regulations.

7. Federal jurisdiction over Plaintiff's state-law causes of action further arises pursuant to § 1332 of title 28 of the *United States Code* because complete diversity exists between the single California Plaintiff and the various foreign Defendants; and Plaintiff seeks, exclusive of costs and interest, more than $75,000.

8. Because "part of the events or omissions giving rise to the claim" occurred in the Central District for the State of California, venue in this Court is appropriate, pursuant to subdivision (b)(2) of § 1391 of title 28 of the *United States*

*Code*.

9. Defendants are subject to personal jurisdiction in this district and state because, on information and belief, they knowingly interfered with a pricing agreement between two California entities, and because, on information and belief, Defendants purposefully directed acts of illegal discrimination against an individual that all the Defendants knew to be located within California, and Defendants knew that the effects of their unlawful conduct would be experienced in California.

## GENERAL ALLEGATIONS

10. This suit arises from Defendants' unlawful actions and unlawful discrimination against Plaintiff FlightBlitz.

11. Plaintiff is a luxury-travel agent.

12. Defendants Tzell Travel, LLC and/or Tzell Holdings, LLC ("Tzell") according to its website, "is currently ranked first among the nation's largest corporate travel management companies . . . ." Tzell has offices in 20 states.

13. On information and belief, Tzell has approximately fifty-four "branch" travel agencies ("branches").

14. On information and belief, Tzell's branches are generally independently owned; or, alternatively, partially owned. Branches operate through ARC account numbers owned by Tzell.

15. ARC (or Airlines Reporting Corporation) settles and reconciles payments for most U.S. airfare transactions. For most airfares purchased in the U.S., payment is settled through ARC. Travel agents such as Tzell issue airfare tickets using ticket stock provided by ARC. Payment is sent through ARC, which handles and settles payment for the airlines.

16. Tzell branches settle payments on their transactions through ARC numbers owned by Tzell that are linked to the branch's bank accounts. Agencies like Tzell generally use a main ARC number and many sub-ARC numbers and will give

those sub-ARC numbers to its branches.

17. Branches do not create independent ARC numbers because an ordinary ARC number only provides access to generally available retail prices.

18. Branches want to access the commission agreements provided for in Tzell's and/or TLG's contracts with various airlines.

19. The commission levels negotiated by the airlines with TLG and/or Tzell can only be received on fares booked using ARC numbers linked to TLG and/or Tzell.

20. For such reason, Tzell's branches specifically use Tzell-owned ARC accounts, so that those branches can compensated under Tzell and/or TLG's commissions contracts. By using Tzell-owned ARCs, Tzell's branches are able to receive the commission provided for in Tzell and/or TLG's direct contracts with air carriers.

21. At the times relevant herein, FlightBlitz was an Independent Contractor ("IC") associated with nonparty All Star Travel Group ("ASTG"), a California-based business entity of unknown form.

22. ASTG was an independent branch of Tzell Travel, LLC and/or Tzell Holdings, LLC ("Tzell").

23. Prior to becoming an ASTG IC, FlightBlitz was a Tzell independent contractor (*i.e.*, not a Tzell branch). At that time, Tzell and FlightBlitz entered into a written agreement on or about October 22, 2015, which provided that "**[t]his [a]greement** will be governed by the laws of the State of New York, whose state and federal courts have exclusive jurisdiction and venue over any matter arising hereunder." The written agreement contained no survivorship clause, and the written agreement provided that it could be "changed, deleted or modified by the parties at any time by a written agreement between them." FlightBlitz alleges that the venue clause in the October 22, 2015 Tzell Agreement is not applicable to this action,

because, amongst other matters: (1) no claims herein relate to the "Agreement"; rather, FlightBlitz's claims herein relate to Tzell and TLG's unlawful conspiracy to set pricing with a third-party on matters that did *not* relate to the Agreement; and relate to Tzell and TLG's unlawful refusal to provide a *different* agreement, due to antisemitic animus; (2) because under *Rincon EV Realty LLC v. CP III Rincon Towers, Inc*., 8 Cal.App.5th 1 (2017); *AT&T Mobility LLC v. AU Optronics Corp*., 707 F.3d 1106 (9th Cir. 2013); *Butler v. Adoption Media, LLC*, 486 F.Supp.2d 1022, 1052 (N.D. Cal. 2007); and *Muldoon v. Tropitone Furniture Co*., 1 F.3d 964, 965 (9th Cir. 1993), California's strong public policies against price fixing and against discrimination in contracting require applying California law to this dispute; (3) because Tzell terminated the agreement in writing, and there is no survivorship clause that protects the venue provision; and because (4) depending on how Tzell attempts characterizing the nature of the contract, section 20040.5 of the *Business & Professions Code* may defeat the enforceability of any forum selection clause.

## FIRST CAUSE OF ACTION

## CARTWRIGHT ACT CLAIMS — PRICE FIXING

**By Plaintiff FlightBlitz, against Defendants Travel Leaders Group, LLC, Tzell Travel, LLC, and Tzell Holdings, LLC**

24.    When nonparty ASTG learned that FlightBlitz was searching for a more profitable alternative to FlightBlitz's existing 2015 Tzell IC contract, ASTG began aggressively soliciting FlightBlitz's business.  ASTG sought to lure the large airfare volumes associated with FlightBlitz's significant and growing book of business.

25.    ASTG offered FlightBlitz that if it became an ASTG Independent Contractor, ASTG would give FlightBlitz XX% of regular commissions received by ASTG on FlightBlitz sales, as well as XX% of "overrides" commissions received by ASTG on FlightBlitz sales.

26. Following negotiations, Odaka and Kaye (ASTG and FlightBlitz's principals) shook hands on the terms outlined in the immediately-preceding paragraph.

27. After shaking hands on their agreement, ASTG discussed the offer to FlightBlitz with TLG and Tzell's management in New York.

28. ASTG, on information and belief, was, at the time, a partly-owned Tzell branch in which David Odaka was a significant *minority* owner.

29. Tzell and/or TLG objected against ASTG's offer *because* such percentages would enable FlightBlitz to compete directly against TLG and/or Tzell.

30. *Due to* TLG's objections, ASTG reduced its FlightBlitz offer.

31. *But for* TLG's interference, FlightBlitz's March 7, 2018 ASTG Contract would have offered greater commissions.

32. Under *Mailand v. Burckle*, 20 Cal. 3d 367, 377 (1978), this agreement to restrain prices offered on the open market, made between entities that did not share 100% common ownership, constituted a *per se* violation of the Cartwright Act.

33. Plaintiff was damaged in a sum to be proven at trial, but no less than $170,000.

## SECOND CAUSE OF ACTION
## CLAYTON ACT CLAIMS — PRICE FIXING

**By Plaintiff FlightBlitz, against Defendants Travel Leaders Group, LLC, Tzell Travel, LLC, and Tzell Holdings, LLC**

34. The above-described price-fixing agreement constituted an unlawful conspiracy in restraint of trade in violation of section 1 of the Sherman Act.

35. Defendant Tzell and TLG, in conspiring to restrain open pricing, had a naked motive of inflicting anticompetitive injury and preventing FlightBlitz from accessing a contract that could allow FlightBlitz to compete with Tzell and TLG.

36. Plaintiff is entitled to recover under § 4 of the Clayton Act.

37. Plaintiff was damaged in a sum to be proven at trial, but no less than $170,000.

**PRAYER FOR RELIEF**

Plaintiff FLIGHTBLITZ, INC., a California corporation, accordingly prays for the following relief against TZELL TRAVEL, LLC, a New York limited liability company; TZELL HOLDINGS, LLC, a Delaware limited liability company; TRAVEL LEADERS GROUP, LLC, a Delware limited liability company;

(1) For all compensatory, consequential, general, and special damages incurred, and for trebled damages under the Cartwright Act and Unruh Act, in an amount no less than $20,000,000;

(2) For all attorneys' fees incurred;

(3) For all costs of suit;

(4) For penalties, as authorized by statute;

(5) For prejudgment and postjudgment interest;

(6) For injunctive relief; including an injunction ordering TZELL HOLDINGS, LLC and TZELL TRAVEL, LLC to enter into a branch contract with FlightBlitz, on terms no less favorable than the most favorable terms offered by Tzell to any branch with sales numbers similar or equal to the numbers that were presented by FlightBlitz in its branch negotiations; and forbidding termination of such contract without prior court approval;

(7) For such other and further relief as the Court deems just and proper.

–7–
COMPLAINT FOR DAMAGES

Dated: March 8, 2021          **LESCHES LAW**

                                      /s/ Levi Lesches
                                   Levi Lesches
                                   Attorneys for Plaintiff FlightBlitz, Inc.

-8-
COMPLAINT FOR DAMAGES

## — JURY DEMAND —

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: March 8, 2021          **LESCHES LAW**

                                   /s/ Levi Lesches
                                 Levi Lesches
                                 Attorneys for FLIGHTBLITZ, INC. a
                                 California Corporation