UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FlightBlitz, Inc., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TZELL TRAVEL, LLC, *et al.*,<br><br>    Defendants. | Case No.:  CV 21-2116-CBM (KESx)<br><br>**ORDER RE: DEFENDANTS'<br>12(B)(6) MOTION TO DISMISS<br>SECOND AMENDED COMPLAINT**<br>**[45]     [JS-5]** |

    This is an antitrust action filed by Plaintiffs FlightBlitz, Inc. and David Kaye against Defendants Tzell Travel, LLC, Tzell Holdings, LLC, Travel Leaders Group, LLC d/b/a Internova Travel Group, and Tzell Travel Group, LLC (collectively, "Defendants") arising from Defendants' alleged attempts to price-fix commissions paid between travel agents.  Plaintiffs' Second Amended Complaint ("SAC") asserts two causes of action for 1) California Cartwright Act violations (Price Fixing); and 2) Sherman Act violations, Clayton At § 4 (Price Fixing). (Dkt. No. 40.)

    On March 2, 2022, the Court granted Defendants' Motion to Dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed the SAC with prejudice.  (Dkt. No. 49 ("Order Dismissing SAC").)  Plaintiffs filed a notice of appeal on May 26, 2022.  (Dkt. No. 61.)  On October 2, 2023, the Ninth Circuit issued a memorandum disposition vacating this Court's Order Dismissing SAC

and remanding the case for the Court to consider the Supreme Court's decision in *American Needle, Inc. v. National Football League*, 560 U.S. 183 (2010). On October 24, 2023, the Ninth Circuit issued its mandate. (Dkt. No. 67.)

On November 14, 2023, the parties filed simultaneous briefs re: the Ninth Circuit's memorandum disposition and *American Needle*. (Dkt. Nos. 72, 73.) On December 13, 2023, the parties appeared for a status conference.[1]

Having conferred with the parties and upon reviewing the Ninth Circuit's memorandum disposition, *American Needle*, and the parties' briefs, the Court rules on Defendants' 12(b)(6) Motion to Dismiss Second Amended Complaint (Dkt. No. 45) as follows: Notwithstanding the fact that the SAC alleges Defendants' majority ownership of ASTG, the Court finds the SAC plausibly alleges facts demonstrating Defendants and ASTG pursued separate economic interests and constituted independent centers of decisionmaking to state a claim for violation of the Sherman Act and Cartwright Act based on a conspiracy between Defendants and ASTG. *See American Needle*, 560 U.S. at 192-95.[2] Accordingly, Defendants' Motion to Dismiss the SAC is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 13, 2023.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[1] At the status conference, Plaintiffs stated they do not assert claims based on a conspiracy between Tzell and TLG.

[2] Unlike in *OJ Commerce, LLC v. KidKraft, Inc.*, 34 F.4th 1232 (11th Cir. 2022), which was decided at the summary judgment stage and involved a company and a majority-owned subsidiary which the company owned and controlled and with which it did not compete, this case is at the pleading stage and the SAC alleges facts regarding ASTG's retention of independent management control and rights, and competition between ASTG and Defendants. *See also Arrington v. Burger King Worldwide, Inc.*, 47 F.4th 1247, 1250 (11th Cir. 2022) (reversing district court's dismissal of complaint on the basis that Burger King and its franchisees constituted a single economic enterprise and were not capable of concerted action as required under Section 1 of the Sherman Act, finding "[l]ike the 32 teams and Properties in *American Needle*, Burger King and its separate and independent franchise restaurants compete against each other—in this case, for employees.").