UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLIGHTBLITZ, INC., *et al.*,<br><br>       Plaintiffs,<br>v.<br>TZELL TRAVEL, LLC, *et al.*,<br><br>       Defendants. | Case No.:  CV 21-2116-CBM-(KESx)<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO AMEND UNDER RULE 15(A)(2)  [86]** |

The matter before the Court is Plaintiffs' "Motion for Leave to Amend Under Rule 15(a)(2)." (Dkt. No. 86 (the "Motion").)  The matter is fully briefed.[1]

**I.    BACKGROUND**

This is an antitrust action filed by Plaintiffs FlightBlitz, Inc. and David Kaye against Defendants Tzell Travel, LLC, Tzell Holdings, LLC, Travel Leaders Group, LLC d/b/a Internova Travel Group, and Tzell Travel Group, LLC (collectively, "Defendants") arising from Defendants' alleged attempts to price-fix commissions paid between travel agents.  On July 6, 2021, Plaintiffs filed the First Amended Complaint ("FAC") pursuant to the parties' stipulation, which asserted the following two causes of action:  1) California Cartwright Act violations (Price Fixing); and 2) Sherman Act violations, Clayton At § 4 (Price Fixing).  (Dkt. No.

---

[1] The Court granted Plaintiffs' ex parte application for leave to file untimely reply, and has considered Plaintiffs' reply in ruling on the instant Motion. (Dkt. No. 93.)

15.) On November 29, 2021, the Court granted Defendants' Motion to Dismiss the FAC for failure to state a claim with leave to amend. (Dkt. No. 39 (the "Order").) On December 10, 2021, Plaintiffs filed a Second Amended Complaint ("SAC") asserting the same two claims for 1) California Cartwright Act violations (Price Fixing); and 2) Sherman Act violations, Clayton At § 4 (Price Fixing), and which included additional allegations in support of those claims. (Dkt. No. 40.) On March 2, 2022, the Court granted Defendants' Motion to Dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed the SAC with prejudice. (Dkt. No. 49 ("Order Dismissing SAC").)

On May 26, 2022, Plaintiffs filed a notice of appeal. (Dkt. No. 61.) On October 2, 2023, the Ninth Circuit issued a memorandum disposition vacating this Court's Order Dismissing SAC and remanding the case for the Court to consider the Supreme Court's decision in *American Needle, Inc. v. National Football League*, 560 U.S. 183 (2010). On October 24, 2023, the Ninth Circuit issued its mandate. (Dkt. No. 67.) On December 13, 2023, following briefing by the parties after remand, the Court issued an order denying Defendants' Motion to Dismiss the SAC based on *American Needle*. (Dkt. No. 79.) On January 23, 2024, Defendants filed an answer to the SAC. (Dkt. No. 82.) On April 2, 2024, Plaintiffs filed the instant Motion for Leave to Amend to file a Third Amended Complaint ("TAC") to add two new state law claims for "California Cartwright Act violations (Boycott)" and "California Cartwright Act violations (Hub-and-Spoke Price Fixing)." (Dkt. No. 86.)

## II. STATEMENT OF THE LAW

Federal Rule of Civil Procedure 15(a)(2) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further provides: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "When considering whether to grant leave to amend, a district court should consider several factors including undue delay,

the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed,[2] undue prejudice to the opposing party, and futility."[3]  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Of these factors, "prejudice to the opposing party carries the most weight." *Id.*  "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.   DISCUSSION

Plaintiffs contend they "promptly sought leave to amend after learning of the new claims available to them" based on the documents produced by Defendants in a related state court action in March 2023 while this federal action was on appeal before the Ninth Circuit regarding this Court's Order dismissing the SAC.  However, the allegations in support of the new Cartwright Act claims in the proposed TAC are similar to the allegations regarding a boycott alleged in the FAC and SAC.  (*Compare* Proposed TAC ¶¶ 229, 230-32, 306 *with* FAC ¶ 129-30 and SAC ¶¶ 204-05.)  Therefore, Plaintiffs knew or should have known the basis for their proposed new Cartwright Act claims when Plaintiffs filed the FAC on July 6, 2021 (Dkt. No. 15), and filed the SAC on December 10, 2021 (Dkt. No. 40).  Moreover, although this federal action was on appeal, Plaintiffs could have sought leave to amend in the state court action to assert the proposed Cartwright Act claims based on the documents produced by Defendants in the state court

---

[2] The failure to cure deficiencies in prior amendments factor does not apply here.

[3] Defendants contend amendment would be futile because the new boycott claims in the proposed TAC "would be subject to dismissal under Rule 12(b)(6)." "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002); *see also UMG Recordings, Inc. v. Veoh Networks, Inc.*, 2008 WL 11342783, at *4 (C.D. Cal. Aug. 22, 2008).  Therefore, the Court does not determine at this stage whether the proposed TAC sufficiently states a claim.

action in March 2023.  Accordingly, the Court finds Plaintiffs unduly delayed in seeking leave to amend.  *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Innes v. Mechatronics Inc.*, 120 F.3d 268 (9th Cir. 1997); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).

While "[t]he need for additional discovery is insufficient by itself to deny a proposed amended pleading," and typically the "prejudice must be substantial, . . . the longer the delay in seeking to amend . . . , the less of a showing of prejudice is needed for denial of the motion." *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997) (internal quotations and citations omitted).  This case has been pending since March 2021, and the Court has ruled on two motions to dismiss.  However, Plaintiffs delayed nearly three years from the time they first alleged facts regarding the boycott in the FAC in 2021 until they filed the instant Motion for leave to amend.  Plaintiffs could have asserted these Cartwright Act claims earlier, and Defendants "will incur time and expense in having to defend against the new []claims" which is prejudicial to Defendants.  *Id.*; *see also Carter v. Amgen, Inc.*, 682 F. App'x 620, 621 (9th Cir. 2017); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989); *MV American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983); *Kittel v. City of Oxnard*, 2018 WL 6004522, at *3 (C.D. Cal. July 9, 2018).  Therefore, the prejudice to Defendants weighs against granting leave to amend.

### IV.  CONCLUSION

Accordingly, the Court **DENIES** Plaintiffs' Motion for Leave to Amend.  *See Brown*, 953 F.3d at 574; *Singh v. City of Oakland*, 2006 WL 8446225, at *2 (N.D. Cal. Sept. 8, 2006).

**IT IS SO ORDERED.**

DATED:  June 27, 2024.

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE