Ryan E. Cosgrove, Bar No. 277907
*ryan.cosgrove@nelsonmullins.com*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
19191 South Vermont Avenue, Suite 900
Torrance, California 90502
Tel: (424) 221-7400 / Fax: (424) 221-7499

Denise M. Gunter (*pro hac vice*)
*denise.gunter@nelsonmullins.com*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
380 Knollwood Street, Suite 530
Winston-Salem, North Carolina 27103
Tel: (336) 774-3322 / Fax: (336) 774-3372

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FlightBlitz, Inc., et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>Tzell Travel, LLC, et al.,<br><br>　　　　Defendants. | Case No. 2:21-cv-02116-CBM-KES<br><br>**DECLARATION OF DENISE M. GUNTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE**<br><br>**DATE:** March 11, 2025<br>**TIME:** 10:00 A.M.<br>**JUDGE:** Hon. Consuelo B. Marshall<br>**COURTROOM:** 8D |

I, Denise M. Gunter, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

1. I am counsel for Defendants Tzell Travel, LLC, Tzell Holdings, LLC, Travel Leaders Group, LLC d/b/a Internova Travel Group; and Tzell Travel Group,

1. LLC (collectively, "Defendants") in the above-referenced action.

2. I was admitted to practice law in the State of North Carolina in 1989. I was admitted to practice in this Court in the above-referenced matter *pro hac vice* on August 24, 2021. [ECF No. 24].

3. The facts stated herein are true of my own personal knowledge, and if called to testify, I would so testify. I do not suffer from any disability or condition that impairs my ability to testify truthfully.

4. This case was originally filed on March 8, 2021. Plaintiffs filed their First Amended Complaint ["FAC"] on July 6, 2021 [ECF No. 15]. The Court dismissed the FAC without prejudice on November 29, 2021. [ECF No. 39]. Plaintiffs filed their Second Amended Complaint ("SAC") on December 10, 2021. [ECF No. 40]. The Court dismissed the SAC with prejudice on March 2, 2022. [ECF No. 49].

5. Plaintiffs appealed the dismissal of the SAC to the U.S. Court of Appeals for the Ninth Circuit. On October 2, 2023, in an unpublished opinion, the Ninth Circuit vacated and remanded the dismissal of the SAC with instructions to consider the Supreme Court's decision in *American Needle, Inc. v. National Football League*, 560 U.S. 183 (2010). [ECF No. 66].

6. After a hearing on December 13, 2023, the Court allowed the SAC to proceed. [ECF No. 79]. Defendants filed their Answer on January 23, 2024. [ECF No. 82].

7. On April 2, 2024, Plaintiffs sought leave of Court to file a Third Amended Complaint. ("TAC"). [ECF No. 86]. The TAC sought to significantly enlarge the scope of Plaintiffs' antitrust allegations and their claim for damages. The Court denied Plaintiffs' motion for leave to amend on June 27, 2024 [ECF No. 97].

8. On July 22, 2024, Defendants served their First Set of Interrogatories and Requests for Production of Documents on Plaintiffs. A copy is attached as Exhibit 1 to this Declaration.

9. On August 6, 2024, Defendants served their Second Set of Requests for

1. Production of Documents. A copy is attached as Exhibit 2 to this Declaration.

2. 10. On August 21, 2024, Plaintiffs served their Responses and Objections to Defendants' First Set of Discovery Requests. A copy is attached as Exhibit 3 to this Declaration.

11. Plaintiffs' responses contained mostly objections. *See, e.g.*, Ex. 3 p. 2, 5, and 9. When not relying on objections, Plaintiffs promised to "furnish further responses" to the requests. *See, e.g.*, Ex. 3 p. 6-8. Plaintiffs also stated that many responsive documents had already been produced to Defendants in other actions and "Plaintiffs do not object to the use of its state-court production in this action." *See, e.g.*, Ex. 3 p. 12, 21-23, 28-30.

12. On August 26, 2024, Defendants sent a letter requesting a meet and confer to Plaintiffs' counsel discussing the inadequacy of Plaintiffs discovery responses. Plaintiffs' counsel did not respond to this letter. A copy of the letter is attached as Exhibit 4 to this Declaration.

13. On September 5, 2024, Plaintiffs served Defendants with a Preservation of Objections, but no response, to Defendants' Second Set of Requests for Production of Documents. A copy is attached as Exhibit 5 to this Declaration.

14. By e-mail on September 6, 2024, I informed Plaintiffs' counsel that Defendants would be unable to depose Plaintiff Kaye or Plaintiff FlightBlitz's Rule 30(b)(6) representative until responsive documents are received. I also reminded Plaintiffs' counsel of the looming deadline to complete fact discovery by December 16, 2024 and again requested a meet and confer to discuss these issues.

15. In response, on September 9, 2024, Plaintiffs' counsel informed me that "due to various personal and professional matters" counsel would be "stepping away from all the FlightBlitz cases for a least a few months." Plaintiffs' counsel indicated that substitute counsel should be secured "within the coming week." A copy of the September 6 and September 9 e-mails is attached as Exhibit 6 to this Declaration.

16. The month of September passed, and no substitute counsel was identified.

17. On October 7, 2024, I reached out to Plaintiffs' counsel to inquire if substitute counsel had been hired and again requested a meet and confer on discovery issues. On October 15, 2024, Plaintiffs' counsel responded and indicated he was "hoping to get it [substitute counsel] wrapped up in the next day or two" but was "unable to commit" until October 28, 2024. A copy of the October 7 and October 15 e-mails is attached as Exhibit 7 to this Declaration.

18. On October 16, 2024, Defendants noticed the depositions of Plaintiff David Kaye and Plaintiff Flight Blitz, Inc.'s Person Most Knowledgeable. Notices where properly served upon Plaintiffs' counsel the same day. The depositions were noticed for December 2 and 3, 2024. Copies of the notices are attached as Exhibit 8 to this Declaration. Defendants did not receive any acknowledgement of receipt of these notices.

19. On October 29, 2024, I again inquired through e-mail if substitute counsel had been secured and renewed my requests from September 6th and October 7th to meet and confer about discovery. Plaintiffs' counsel did not acknowledge or respond to this e-mail. A copy of this e-mail is attached as Exhibit 9 to this Declaration.

20. The month of October passed and still no substitute counsel was identified.

21. On November 13, 2024, I once again reached out through e-mail to Plaintiffs' counsel to inquire if Plaintiffs would appear for the noticed depositions and, if so, when Defendants would receive the responsive documents that would be necessary to prepare for the depositions. I also asked Plaintiffs' counsel to dismiss the case, with prejudice, before Defendants sought judicial intervention. Plaintiffs' counsel again did not respond to this e-mail. A copy of this e-mail is attached as Exhibit 10 to this Declaration.

22. Nearly two weeks later, on November 26 at 2:52 AM EST, the Tuesday before Thanksgiving, Plaintiffs' counsel responded to Defendants' October 16 e-mail. Plaintiffs' counsel asked whether Defendants intended to proceed with the

depositions of Plaintiffs on December 2nd and 3rd "even as written discovery remains unresolved." Plaintiffs' counsel further stated that his youngest child has been in the hospital, and he therefore still was unable to secure substitute counsel, but if Defendants wanted to proceed with the depositions he would "do my best to accommodate that transition."

23. I responded later that same day, once again reminding Plaintiffs' counsel of the repeated refusal to acknowledge or respond to the requested meet and confers, the lack of prompt acknowledgement of the notices of depositions or feedback as to whether Plaintiffs would be available on those dates, and the continued refusal to produce responsive documents. Due to the lack of documents, I was forced to cancel the noticed depositions.

24. I also informed Plaintiffs' counsel that it had been approximately three months since counsel advised Defendants that he would be stepping back from this case. I made clear that since no substitute counsel had been identified, Plaintiffs' counsel still had responsibilities to the Court and opposing counsel but was clearly not fulfilling them. Further, I renewed my previous request that Plaintiffs dismiss this case with prejudice. If Plaintiffs did not do so, I informed Plaintiffs' counsel that Defendants would have no choice but to involve the Court. A copy of the November 26 e-mails is attached as Exhibit 11 to this Declaration.

25. I received no response to my November 26 e-mail.

26. The months of November and December passed without substitute counsel appearing.

27. Pursuant to the Court's May 15, 2024 Scheduling Order [ECF No. 96], fact discovery closed on December 16, 2024. Plaintiffs did not serve any discovery on Defendants and Plaintiffs did not fully respond to the discovery which Defendants served on Plaintiffs. No fact depositions were taken.

28. On December 31, 2024, Plaintiffs' counsel executed a Declaration in the Los Angeles Superior Court case involving the same parties. In the Declaration,

Plaintiffs' counsel asserted that after his family welcomed a new child on June 20, "it became increasingly clear that…it was not tenable for me to continue representing the clients I had been representing prior to that time." Plaintiffs' counsel further stated "[f]or such reason, *I have not been actively representing FlightBlitz or David Kaye for some time*, and those Plaintiffs are actively seeking new Counsel." (emphasis added). Counsel's December 31, 2024 Declaration is attached as Exhibit 12 to this Declaration.

29. Yet counsel never informed *this* Court that he has "not been actively representing FlightBlitz or David Kaye for some time."

30. If indeed a search for substitute counsel has been occurring, it is reasonable to assume it began soon after counsel's decision to "step away" in the summer of 2024.

31. Plaintiffs' counsel has not sought to withdraw from representing Plaintiffs in this action or the state court action.

32. Plaintiffs' deadline for disclosing their expert witnesses was January 6, 2025. [ECF No. 96] Plaintiffs identified no expert witnesses. In my 35 years of experience practicing antitrust law, it is practically impossible for a plaintiff in an antitrust case to pursue its claims without one or more experts, including economists. These experts are necessary to establish the relevant product and geographic markets, harm to competition, and damages.

33. On January 7, 2025, I again attempted to contact Plaintiffs' counsel and requested a meet and confer regarding my intention to file a Motion to Dismiss for failure to prosecute pursuant to Fed.R. Civ.P. 41(b). I reminded Plaintiffs' counsel that I had asked several times for this case to be dismissed and, due to Plaintiff's counsel's failure to respond, court involvement was now required.

34. Plaintiffs' counsel responded a week later on January 14, 2025, stating that he anticipated a substitution "will occur this week" and requested that I "defer the discussion for successor counsel."

35. I responded the same day asking for the identity of substitute counsel but did not receive a response.

36. On January 21, 2025, I again attempted to contact Plaintiffs" counsel and pointed out that no "substitute counsel" had been identified. I informed Plaintiffs' counsel that I interpreted his failure to respond to my January 14 e-mail as a refusal to meet and confer but requested once again that counsel provide times for a meet and confer as required by Local Rule 7-3. A copy of the January 7, January 14, and January 21 e-mails is attached as Exhibit 13 to this Declaration.

37. On January 22, 2025, Plaintiffs' counsel responded and stated he was attending an all-day court hearing but would "follow up when I get [out]." He never followed up. A copy of the January 22 e-mail is attached as Exhibit 14 to this Declaration.

38. While Plaintiffs failed to submit an affirmative expert report by the January 6, 2025 deadline, I served Plaintiffs with Defendants' expert rebuttal report on February 3, 2025 as required by this Court's Scheduling Order. [ECF No. 96]. A copy of this report is attached as Exhibit 15 to this Declaration.

39. As of the time of this Motion, Defendants have still not received any further response to their interrogatories or responsive documents to their requests for production of documents. No substitute counsel has noticed an appearance in this case.

40. The conduct of Plaintiffs' counsel has caused Defendants significant prejudice. They cannot properly prepare their defense of this case without complete written discovery responses and responsive documents. They cannot take depositions without complete written discovery responses and responsive documents. They cannot properly prepare for summary judgment without complete written discovery responses, responsive documents, and depositions.

41. Defending Plaintiffs' antitrust allegations has been extremely expensive. From the time this case first began in 2021 until the date of this Declaration,

1 Defendants have incurred more than $600,000 in legal fees defending against Plaintiffs' antitrust allegations.

42. I conservatively estimate that Defendants would incur several hundred thousand dollars in additional legal fees if this case is allowed to continue.

43. While there is no reasonable expectation that "substitute counsel" will appear, allowing new counsel to appear for Plaintiffs at this point would only make the situation worse. Presumably, new counsel would seek to extend the deadlines in the Scheduling Order to conduct discovery properly and identify expert witnesses. But this case is almost four years old now, and no progress has been made on the merits. Any further delay causes additional prejudice and expense to my clients and causes further disruption to the Court's docket.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 11th day of February, 2025 in Winston-Salem, North Carolina.



Denise M. Gunter

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Ryan E. Cosgrove*