Aryeh Kaufman, Esq. (SBN: 289745)
aryeh@akaufmanlegal.com
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd., PMB 1907
Los Angeles, CA 90036
Tel: (323) 943-2566
Fax: (213) 402-8598

*Attorneys for Plaintiffs,*
**FLIGHTBLITZ, INC. and DAVID KAYE**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FLIGHTBLITZ, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TZELL TRAVEL, LLC, et al.,<br><br>Defendants. | Case No. 2:21-cv-02116-CBM-KES<br><br>**DECLARATION OF LEVI LESCHES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 16(b)**<br><br>Hearing Date:  March 25, 2025<br>Time:          10:00 a.m.<br>Courtroom:     8D<br><br>Judge: Hon. Consuelo B. Marshall |

# **DECLARATION OF LEVI LESCHES**

I, Levi Lesches, declare as follows:

1. I am an attorney duly admitted to practice law before this Court. I am the principal of the Lesches Law, the former counsel for Plaintiffs David Kaye and FlightBlitz, Inc. (collectively, "Plaintiffs"). This declaration is submitted in support of Plaintiffs' motion to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matter stated herein.

2. In March 2024, I engaged in significant efforts to engage experts to assist in Plaintiffs' preparation of this case. Because an order granting leave to file the proposed amended complaint would change issues in contention and the scope of any engagement, I ultimately deferred expert engagement until after the hearing on Plaintiffs' motion for leave to file an amended complaint.

3. On May 15, 2024, this Court denied leave to file the proposed amended complaint.

4. Additionally, on May 15, 2024, the Court issued the scheduling order ("Scheduling Order").

5. I welcomed a new child—my sixth—in June 2024.

6. The Parties exchanged Initial Disclosures on August 5, 2024.

7. Despite my best efforts to maintain my existing case load, it gradually became clear that I would be unable to maintain all the cases I was representing and that I would need to have clients seek new counsel.

8. In or about August 2024, I advised the Plaintiffs of the foregoing and that they would need to secure new counsel.

9. I had anticipated that Plaintiffs would be able to find competent counsel relatively quickly. Unfortunately, I underestimated the challenges of securing new counsel.

10. I do not intend to waive privileges relating to the efforts to find replacement counsel. To avoid waiver of privilege, I will limit myself to noting that:

    a. Such efforts turned out to be significantly more difficult than anticipated; and

    b. There is a broad and varied range of complex issues associated with Plaintiffs' various actions—antitrust claims, franchising claims, Unruh Act discrimination claims, and accounting claims—as well as procedural complexity that is associated with the three separate proceedings between the parties.

11. The efforts to procure replacement counsel took significantly longer than anticipated.

12. Because I had anticipated that Plaintiffs would be able to find competent counsel relatively quickly, I failed to advise Plaintiffs that deadlines relating to expert disclosures and the discovery cut-off were accruing.

13. I had also been operating under the misapprehension that I had sent Plaintiffs a copy of the Scheduling Order. I would ordinarily have sent that order to a client in the ordinary course, but I had inadvertently failed to do so.

14. I therefore do not believe that Plaintiffs were aware of the Scheduling Order.

15. Significant efforts were invested into the prosecution of this case. As stated, Plaintiffs' efforts to obtain expert witnesses commenced even prior to the issuance of the case scheduling order. However, due to the forgoing circumstances, such efforts came to a standstill due to my own personal circumstances.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have read the foregoing declaration and that the facts stated in it are true.

Executed February 21, 2025, at Los Angeles County, California.

By: _____
Levi Lesches, declarant