1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

FlightBlitz, Inc., *et al*.,

Case No.:  2:21-cv-2116-CBM-KES

12

      Plaintiffs,

v.

13

**ORDER RE: DEFENDANTS'
MOTION TO DISMISS
PLAINTIFFS' ACTION WITH
PREJUDICE FOR FAILURE TO
PROSECUTE UNDER FED. R. CIV.
P. 41(B)**

Tzell Travel, LLC, *et al*.,

14

      Defendants.

15

16

17
      The matter before the Court is Defendants' Motion to Dismiss Plaintiffs'

18
Action With Prejudice for Failure to Prosecute Under Fed. R. Civ. P. 41(b).  (Dkt.

19
No. 99.)

20

           **I.    BACKGROUND**

21
      This is an antitrust action filed by Plaintiffs FlightBlitz, Inc. and David

22
Kaye against Defendants Tzell Travel, LLC, Tzell Holdings, LLC, Travel Leaders

23
Group, LLC d/b/a Internova Travel Group, and Tzell Travel Group, LLC

24
(collectively, "Defendants") arising from Defendants' alleged attempts to price-fix

25
commissions paid between travel agents.  The Second Amended Complaint

26
("SAC"), which is the operative complaint, asserts the following two causes of

27
action:  1) California Cartwright Act violations (Price Fixing); and 2) Sherman

28
Act violations, Clayton Act § 4 (Price Fixing).  (Dkt. No. 40.)  On May 15, 2024,

1  the Court held a scheduling conference and set dates in this action as follows:  (1)

2  fact discovery completion – no later than December 16, 2024; (2) initial expert

3  disclosures – no later than January 6, 2025; (3) Rebuttal expert disclosure – no

4  later than February 3, 2025; (4) expert discovery completion – no later than March

5  31, 2025; (5) settlement conference – no later than June 30, 2025; (6) hearing on

6  motions no later than April 22, 2025; (7) pretrial conference – August 5, 2025; and

7  (8) jury trial (est. 6-7 days) – September 2, 2025.  (Dkt. No. 96.)

8       Plaintiffs have been solely represented by Levi Lesches of Lesches Law

9  since the commencement of this action. (Dkt. No. 1.)  On February 18, 2025,

10 attorney Aryeh Kaufman of the Law Office of Aryeh Kaufman filed a request for

11 substitution of counsel form seeking to be approved as new counsel for Plaintiffs

12 in place of Lesches. (Dkt. No. 100.)[1]  Defendants, however, move to dismiss the

13 action with prejudice for failure to prosecute based on Plaintiffs' counsel Lesches'

14 inaction.

## II.    STATEMENT OF THE LAW

16  Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

22 Fed. R. Civ. P. 41(b).  Whether dismissal for failure to prosecute is proper

23 depends on several factors:  "(1) the public's interest in expeditious resolution of

24 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

25 defendants; (4) the public policy favoring disposition of cases on their merits and

---

[1] Defendants filed an opposition to Plaintiffs' request for substitution of counsel (Dkt. No. 102).  The Court has approved Plaintiffs' request for substitution of counsel.  (Dkt. No. 111.)

2

1    (5) the availability of less drastic sanctions." *Nooner v. El Dorado Union High*

2    *Sch. Dist.*, 578 F. App'x 711, 712 (9th Cir. 2014) (quoting *Henderson v. Duncan,*

3    779 F.2d 1421, 1423 (9th Cir. 1986)).

4                              **III.   DISCUSSION**

5          Defendants move to dismiss this action with prejudice for failure to

6    prosecute on the basis Plaintiffs' counsel Levi Lesches "has essentially quit this

7    case, making it impossible for this nearly four-year-old case to continue."

8    Defendants contend after the Court denied Plaintiffs' motion for leave to amend

9    on June 27, 2024, Plaintiffs' counsel Lesches "lost interest in the case."

10   Defendants contend Lesches served no discovery on Defendants, failed to respond

11   to Defendants' attempts to meet and confer regarding Plaintiffs' deficient written

12   discovery responses (Gunter Decl. ¶¶ 12, 14, 17), and failed to provide a single

13   document in response to Defendants' written discovery (*id*. ¶ 39), which

14   Defendants contend made it "impossible to take depositions."

15         Defendants contend due to inaction by Plaintiffs' counsel Lesches which

16   must be attributed to Plaintiffs, the factors re: public interest, the Court's need to

17   manage its docket, and risk of prejudice to Defendants weigh in favor of

18   dismissing this action with prejudice under Fed. R. Civ. P. 41(b) for failure to

19   prosecute because fact discovery closed on December 16, 2024 without any

20   depositions taking place, Plaintiffs failed to identify any experts, and the January

21   6, 2025 initial expert disclosure deadline has passed.  Defendants contend the

22   public and the Court have an interest in expeditious resolution of litigation.

23   However, public policy weights in favor of disposition of cases on the merits and

24   there are less drastic measures that can be taken instead of dismissal for failure to

25   prosecute.  Defendants may move for summary judgment so that this case can be

26   decided on the merits.[2]  Moreover, granting the instant Motion would likely result

27   _____

28   [2] Indeed, on March 18, 2025, Defendants filed a motion for summary judgment. (Dkt. No. 109.)

                                         3

1    in further delay rather than expeditious resolution of this case since such dismissal

2    under Fed. R. Civ. P. 41(b) may be vacated. *See Lal v. California*, 610 F.3d 518,

3    524-25 (9th Cir. 2010). As to prejudice, Defendants contend they have spent

4    significant time and resources litigating this action for four years and are entitled

5    to responsive documents and taking depositions so that they can properly prepare

6    a defense but Plaintiffs' counsel Lesches has "made that impossible" so that if this

7    action continues Defendants will be forced to defend themselves at trial without

8    any discovery. However, Defendants did not move to compel discovery responses

9    from Plaintiffs. Therefore, any purported prejudice for the lack of documents

10    produced and the failure to take depositions is partially the result of Defendants'

11    own failure to move to compel discovery. Thus, the factors regarding the public

12    interest, the Court's need to manage its docket, the risk of prejudice to Defendants,

13    the public policy favoring disposition of cases on their merits, and the availability

14    of less drastic sanctions do not weigh in favor of dismissal of this case under Fed.

15    R. Civ. P. 41(b) for failure to prosecute.

### IV.   CONCLUSION

17         Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs'

18    Action With Prejudice for Failure to Prosecute Under Fed. R. Civ. P. 41(b).

19         **IT IS SO ORDERED.**

21    DATED:  March 20, 2025.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE