1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11 | FlightBlitz, Inc., *et al*.,

Case No.:  2:21-cv-2116-CBM-KES

12 |        Plaintiffs,

13 | v.

14 | Tzell Travel, LLC, *et al*.,

15 |        Defendants.

**ORDER RE: PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 16(B)**

16    The matter before the Court is Plaintiff's Motion to Amend Scheduling

17 Order Pursuant to Fed. R. Civ. P. 16(b).  (Dkt. No. 104.)

18                    **I.      BACKGROUND**

19    This is an antitrust action filed by Plaintiffs FlightBlitz, Inc. and David

20 Kaye against Defendants Tzell Travel, LLC, Tzell Holdings, LLC, Travel Leaders

21 Group, LLC d/b/a Internova Travel Group, and Tzell Travel Group, LLC

22 (collectively, "Defendants").  On May 15, 2024, the Court held a scheduling

23 conference and set dates in this action as follows:  (1) fact discovery completion –

24 no later than December 16, 2024; (2) initial expert disclosures – no later than

25 January 6, 2025; (3) Rebuttal expert disclosure – no later than February 3, 2025;

26 (4) expert discovery completion – no later than March 31, 2025; (5) settlement

27 conference – no later than June 30, 2025; (6) hearing on motions no later than

28 April 22, 2025; (7) pretrial conference – August 5, 2025; and (8) jury trial (est. 6-7

1  days) – September 2, 2025.  (Dkt. No. 96 (the "Scheduling Order").)

2  Plaintiffs were represented by Levi Lesches of Lesches Law since the

3  commencement of this action.  (Dkt. No. 1.)  However, on February 18, 2025,

4  Aryeh Kaufman of the Law Office of Aryeh Kaufman filed a request for

5  substitution of counsel form seeking to be approved as new counsel for Plaintiffs

6  in place of Lesches.  (Dkt. No. 100.)  On March 18, 2025, the Court approved the

7  substitution of counsel form.  (Dkt. No. 111.)

8  ## II.  STATEMENT OF THE LAW

9  Federal Rule of Civil Procedure 16(b) provides:  "A schedule may be

10  modified only for good cause and with the judge's consent."  "The district court

11  may modify the pretrial schedule if it cannot reasonably be met despite the

12  diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations,*

13  *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations and citation omitted).

14  "Although the existence or degree of prejudice to the party opposing the

15  modification might supply additional reasons to deny a motion [to modify the

16  scheduling order], the focus of the inquiry is upon the moving party's reasons for

17  seeking modification," and "[i]f that party was not diligent, the inquiry should

18  end."  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023)

19  (internal citation omitted).

20  ## III.  DISCUSSION

21  Plaintiffs seek to modify the Court's Scheduling Order based on prior

22  Plaintiffs' counsel Levi Lesches' purported "gross negligence."  Specifically,

23  Plaintiff seek to modify the dates in the Scheduling Order for fact discovery

24  completion, expert discovery, and trial so that Defendants can take the depositions

25  previously noticed by Defendants, Plaintiffs can respond to Defendants' prior

26  discovery and provide responsive documents, and Plaintiff can take "reciprocal

27  depositions" including one Fed. R. Civ. P. 30(b)(6) deposition and one "non-party

28  deposition."  Plaintiffs also request that they be permitted to disclose their expert

1  and expert report, and request that the date for completion of expert discovery be

2  continued by four weeks.  Plaintiffs state they do not intend to move for summary

3  judgment, and request a continuance of the trial to adjust for the additional

4  discovery requested and to "accommodate Plaintiffs' new counsel."  Plaintiffs

5  state "[i]f the Court is not inclined to permit Plaintiffs to reopen fact discovery,

6  then Plaintiffs merely request relief for their former counsel's failure to make

7  timely expert disclosures, and a brief continuance of the deadline to complete

8  expert discovery."

9           Plaintiffs' prior counsel Lesches declares:

10      1.  He welcome a new child, his sixth child, in June 2024,  "[d]espite [his] best efforts to main [his] existing case load, it gradually became clear" he "would be unable to maintain all the cases [he] was representing and [he] would need to have clients seek new counsel," and in or about August 2025 he "advised Plaintiffs that they would need to secure new counsel."  (Lesches Decl. ¶¶ 5, 6, 8);

14      2.  "The efforts to procure replacement counsel took significantly longer than anticipated," and " [b]ecause [he] had anticipated that Plaintiffs would be able to find competent counsel relatively quickly, [Lesches] failed to advise Plaintiffs that deadlines relating to expert disclosures and the discovery cut-off were accruing" (*id*. ¶ 12); and

17      3.  Lesches "had been operating under the misapprehension that [he] had sent Plaintiffs a copy of the Scheduling Order . . . but [he] had inadvertently failed to do so," and therefore he does "not believe that Plaintiffs were aware of the Scheduling Order"  (*id*. ¶¶ 11-14).

19  Plaintiff David Kaye declares Lesches "never informed [Kaye] of the dates

20  pertaining to discovery," Kaye was "not aware of the Scheduling Order and its

21  deadlines," and while Lesches informed him in or about August 2024 that

22  Plaintiffs would need to secure new counsel, Kaye was "engaged for months in the

23  process to obtain new counsel," and "[w]hile [Kaye] was pursuing new

24  representation, [he] was not aware that Mr. Lesches was not effectively

25  prosecuting our case."  (Kaye Decl. ¶¶ 3, 5, 6, 9.)

26           Substitution of counsel alone is not good cause to modify a scheduling

27  order. *See Bland v. Messinger*, 2022 WL 1478106, at *2 (E.D. Cal. Apr. 26,

28  2022); *Hunt v. City of Los Angeles*, 2021 WL 768248, at *9 n.12 (C.D. Cal. Jan.

1   26, 2021), *report and recommendation adopted*, 2021 WL 765418 (C.D. Cal. Feb.

2   26, 2021), *aff'd,* 2022 WL 3714490 (9th Cir. Aug. 29, 2022); *Cardenas v.*

3   *Whittemore*, 2015 WL 4410643, at *2 (S.D. Cal. Jul. 16, 2015); *Reinsdorf v.*

4   *Skechers U.S.A., Inc.*, 296 F.R.D. 604, 614 (C.D. Cal. 2013); *Washington v.*

5   *Andrews*, 2012 WL 5520413, at *2 (E.D. Cal. Nov. 14, 2012).  However, good

6   cause to modify a scheduling order may exist where prior counsel was grossly

7   negligent or abandoned the case.  *See Paul Feller, et al. v. Robert Petty.*

8   *Additional Party Names: Cronus Equity, LLC*, 2020 WL 2477679, at *2 (C.D.

9   Cal. Feb. 11, 2020); *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218

10  F.R.D. 667, 674 (C.D. Cal. 2003).

11         Here, the record before the Court demonstrates Plaintiff's prior counsel

12  Lesches answered discovery (Dkt. Nos. 99-5, 99-7), and objected to certain topics

13  in Defendants' 30(b)(6) Notice of Deposition (Dkt. No. 99-13 at 2) in connection

14  with fact discovery.  Plaintiffs thus fail to demonstrate they were diligent or that

15  Lesches completely abandoned the case during fact discovery.  *See Kamal*, 88

16  F.4th at 1277; *Johnson*, 975 F.2d at 610; *Scheurer v. United States*, 2023 U.S.

17  Dist. LEXIS 62857, at *11-12 (S.D. Cal. Apr. 10, 2023).  Therefore, the Court

18  finds no good cause shown to reopen fact discovery.  However, the record before

19  the Court demonstrates Lesches abandoned the case during expert discovery.

20  Therefore, the Court finds good cause to extend the initial expert disclosure,

21  rebuttal expert, and expert discovery completion, and trial-related dates in the

22  Scheduling Order.  *See Paul Feller, et al.*, 2020 WL 2477679, at *2; *Matrix Motor*

23  *Co.*, 218 F.R.D. at 674.

24                        **IV.   CONCLUSION**

25         Accordingly, the Court **DENIES** Plaintiffs' Motion to Amend the

26  Scheduling Order as to fact discovery, **GRANTS** the Motion to Amend the

27  Scheduling Order as to dates for expert discovery, pretrial and trial, and sets the

28  following dates:  (1) initial expert disclosure – no later than April 17, 2025; (2)

rebuttal expert – no later than May 17, 2025; (3) expert discovery completion – no later than June 2, 2025; (4) final pretrial conference – September 23, 2025, at 2:30 p.m.; and jury trial – October 21, 2025, at 10:00 a.m.  All other dates in the Scheduling Order (Dkt. No. 96) remain in full force and effect.

**IT IS SO ORDERED.**

DATED:  March 20, 2025.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE